DANIEL G. BOGDEN
United States Attorney
ADAM M. FLAKE
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336 / Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-cr-161-PMP-GWF |
| PLAINTIFF, | |
| vs. | **GOVERNMENT'S MOTION FOR ORDER WAIVING ATTORNEY CLIENT PRIVILEGE TO ADDRESS ALLEGATIONS IN DEFENDANT'S 28 U.S.C. § 2255 MOTION AND ORDERING LUCZAK'S FORMER COUNSEL TO PROVIDE INFORMATION** |
| CASEY LUCZAK, | |
| DEFENDANT. | |

COMES NOW, the United States of America by and through its attorneys, DANIEL G. BOGDEN, United States Attorney, and ADAM M. FLAKE, Assistant United States Attorney, and respectfully requests this Court enter an order waiving the attorney-client privilege in this case and ordering Defendant's former attorney, David Farnham, to provide the Government with the information requested in this motion.

This order is sought for the following reasons:

1. Defendant has filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by a person in federal custody, alleging ineffective assistance of counsel.

2. Information from Defendant's former attorney, David Farnham, is necessary in order to respond to Defendant's allegations.

3. The Government requests this Court's order that the attorney-client privilege is waived as to all contentions raised in Defendant's 28 U.S.C. § 2255 motion, that David

Farnham, provide an affidavit responding to Defendant's allegations within 30 days of the date of this order.

4. The voluntary disclosure by a defendant of privileged attorney communications "constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981); *see also United States v. Zolin*, 809 F.2d 1411, 1415-16 (9th Cir. 1987); *Clady v. County of Los Angeles*, 770 F.2d, 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (Citations omitted.)

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

**WHEREFORE**, based on the foregoing, it is respectfully requested that this Court enter an order that the attorney-client privilege in this case as to Defendant is waived with respect to the issues raised in his 28 U.S.C. § 2255 motion, and that David Farnham provide the Government with an affidavit addressing the allegations of ineffective assistance of counsel in Defendant's 28 U.S.C. § 2255 motion no later than 30 days from the date of the Court's order.

**DATED** this 9th day of March 2012.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

　　/s/ Adam M. Flake
ADAM M. FLAKE
Assistant United States Attorney

|     |     |     |
| --- | --- | --- |
|     | **UNITED STATES DISTRICT COURT** |     |
|     | **DISTRICT OF NEVADA** |     |
|     | **-oOo-** |     |
| UNITED STATES OF AMERICA, | ) | 2:08-cr-161-PMP-GWF |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER WAIVING ATTORNEY CLIENT PRIVILEGE TO ADDRESS ALLEGATIONS IN DEFENDANT'S 28 U.S.C. § 2255 MOTION AND ORDERING DEFENDANT'S FORMER COUNSEL TO PROVIDE INFORMATION** |
|  | ) |  |
| CASEY LUCZAK, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Based on the pending application of the Government, and good cause appearing,

**IT IS THEREFORE ORDERED** that the attorney-client privilege in case No. 2:08-cr-161-PMP-GWF is waived with respect to the allegations in Defendant's 28 U.S.C. § 2255 motion, and that David Farnham shall provide the Government with an affidavit addressing the allegations of ineffective assistance in Defendant's 28 U.S.C. § 2255 motion no later than 30 days from the date of this order.

**DATED:** this 28th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the United States Attorney's Office, and is a person of such age and discretion as to be competent to serve papers.

That on March 9, 2012, she filed a copy of **GOVERNMENT'S MOTION FOR ORDER WAIVING ATTORNEY CLIENT PRIVILEGE TO ADDRESS ALLEGATIONS IN DEFENDANT'S 28 U.S.C. § 2255 MOTION AND ORDERING LUCZAK'S FORMER COUNSEL TO PROVIDE INFORMATION**, by electronic mail and by U.S. Mail to the following:

**Casey Luczak**
42940-048
HAZELTON
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 2000
Bruceton Mills, WV 26525

        /s/ Terrie Murray
        TERRIE MURRAY
        Legal Assistant